AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

<table>
<tr><td>United States of America</td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td>Saul Yepez Aranda</td><td>)</td><td>Case No.</td></tr>
<tr><td></td><td>)</td><td>**4:26-mj-181**</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>*Defendant(s)*</td><td></td><td></td></tr>
</table>

United States Courts
Southern District of Texas
FILED

*March 12, 2026*

Nathan Ochsner, Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 10, 2026 _____ in the county of _____ Harris _____ in the _____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

_Scott A. Deason_
*Complainant's signature*

Scott A. Deason, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: _____ 03/12/2026 _____

_Dena Palermo_
*Judge's signature*

City and state: _____ Houston, Texas _____

Hon. Dena H. Palermo, U.S. Magistrate Judge
*Printed name and title*

4:26-mj-181

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Scott A. Deason, being duly sworn telephonically, hereby depose and say:

(1)    I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity from May 24, 2009, until I retired on December 31, 2021. I returned to duty on January 11, 2026. Prior to my current assignment, I have held the following positions: Special Agent, United States Immigration and Naturalization Service (USINS), US Federal Air Marshal and Special Agent, United States Citizen and Immigration Service. My federal law enforcement career began on March 15, 1998, as a Special Agent USINS.  I have over 23 years of federal law enforcement experience of which 17 years is in immigration.

(2)    On March 10, 2026, Immigration and Customs Enforcement (ICE) encountered Saul Yepez Aranda (Defendant) while being incarcerated at the Harris County Jail and lodged Form I-247, Notice of Action-Detainer.

(3)    On March 10, 2026, the Harris County Sherriff's Office transferred the Defendant to the custody of ICE at the Montgomery Processing Center in Conroe, Texas for administrative immigration proceedings.

(4)    On March 11, 2026, at approximately 3:41 p.m., ICE identified the Defendant as eligible for prosecution for violation of 8 U.S.C. § 1326(a) and (b).

(5)    The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(6)    Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(7)    Element One: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(8)    Element Two: The Defendant has previously been deported or removed from theUnited States on the following occasions:

1.  Removed 02/07/2017
2.  Removed 10/28/2013
3.  Removed 08/10/2012

(9)     Element Three: After deportation, the Defendant was subsequently found in the United States on March 10, 2026, in Harris County, which is within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years, and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in the paragraph. On March 12, 2026, the LESC advised me that it had not received an Immigration Alien Query (IAQ) record since the Defendant's last removal on February 07, 2017.

(10)     Element Four:  The Defendant did not have permission to reenter the United States. On March 12, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of theImmigration Service.

(11)     Prior Criminal History: The Defendant has the following prior criminal history:

a) On January 03, 2017, the Defendant was convicted in the Western District of Texas for the offense of 8 U.S.C. 1326 (a) & (b) and sentenced to 10 months confinement.

b) On October 24, 2013, the Defendant was convicted in the Brazoria County Court at Law #3, Angleton, Texas for the offense of DWI and sentenced to 90 days' confinement.

c) On October 24, 2013, the Defendant was convicted in the Brazoria County Court at Law #3, Angleton, Texas for the offense of Driving W/Lic Inv W/Prev Conv/Susp/W/O/Fin Resp and sentenced to 90 days' confinement.

d) On July 12, 2012, the Defendant was convicted in the 174th District Court Houston, Texas for the offense of Enticing a Child w/Int to Commit a Felony and sentenced to 364 days' confinement.

(12)    On March 12, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning the criminal complaint. On or about that day, Assistant U.S. Michael Day (956) 638-5512 accepted this case for prosecution for violation of 8 U.S.C. § 1326(a) and (b).


Scott A. Deason, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement


Sworn to me telephonically on 12th day of March 2026, and I find probable cause.


Hon. Dena H. Palermo
United States Magistrate Judge
Southern District of Texas